**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION, | No. 10-55610 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:08-cv-07259-PSG-E |
| v. | |
| GASPROM, INC., | MEMORANDUM[*] |
| Defendant-counter-claimant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted December 6, 2011
Pasadena, California

Before: PREGERSON and MURGUIA, Circuit Judges, and CONLON, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Gasprom, Inc. ("Gasprom") appeals the district court's judgment in favor of ExxonMobil Oil Corporation ("ExxonMobil"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

**1.** The district court did not err in granting ExxonMobil summary judgment on Gasprom's purported counterclaim for breach of contract. Federal Rule of Civil Procedure 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." A claim complies with Rule 8(a)(2) only when the claim is stated with sufficient particularity to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under this rule, a claim must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Gasprom failed to comply with Rule 8(a)(2) because it did not give ExxonMobil sufficient notice that it was raising a breach of contract counterclaim. The only reference to a breach of contract counterclaim in Gasprom's eighteen-page pleading is the following sentence in the introduction:

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

"In the alternative, Gasprom claims breach of the settlement agreement by ExxonMobil." This single sentence, buried at the end of an introductory paragraph, was insufficient to put ExxonMobil on notice.

**2.** The district court's factual findings are not clearly erroneous. *See United States v. 1.377 Acres of Land*, 352 F.3d 1259, 1264 (9th Cir. 2003) (noting that a district court's findings of fact in a contract dispute are reviewed under the "clearly erroneous" standard). The factual findings challenged by Gasprom are supported by the testimony of ExxonMobil employees Ena Williams and David Watson. Because the challenged factual findings are "plausible in light of the record viewed in its entirety, . . . [we] cannot reverse . . . ." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878 (9th Cir. 2009) (internal quotation marks omitted).

**3.** The district court correctly found that Gasprom breached the parties' franchise and settlement agreements.[2] The franchise agreement expressly prohibited Gasprom from altering or improving the gas station property without ExxonMobil's "prior written consent." The franchise agreement also prohibited Gasprom from: (1) making "additions or alterations" to the leased equipment

---

[2] Because the settlement agreement reinstated the franchise agreement, a breach of the franchise agreement was also a breach of the settlement agreement.

3

without "ExxonMobil's prior written consent"; (2) permitting "anything prejudicial to ExxonMobil's title" to the leased equipment; or, (3) removing the leased equipment or delivering the leased equipment to anyone but ExxonMobil or ExxonMobil's designee.

**4.** The district court's findings of fact, which were not clearly erroneous, preclude Gasprom's affirmative defense of equitable estoppel. Under California law, the party asserting an equitable estoppel defense must show that the other party was apprised of the true state of facts. *See Granite State Ins. Co. v. Smart Modular Technologies, Inc.*, 76 F.3d 1023, 1028 (9th Cir. 1996). The district court's factual finding that ExxonMobil was unaware of the true nature of Gasprom's renovation project at the time of issuing the memorandum of preliminary review precludes Gasprom from prevailing on its affirmative defense of equitable estoppel.

**5.** The district court's award of $3,700 in compensatory damages to ExxonMobil is amply supported by the record. ExxonMobil engineer Andre Reed testified that, after ExxonMobil learned there was a conflict between ExxonMobil's site plan and Gasprom's site plan, ExxonMobil spent $3,700 surveying the Gasprom site so it could redesign its new Enhanced Vapor Recovery system.

**6.** The district court did not abuse its discretion when it awarded $297,991.90 in attorneys' fees to ExxonMobil. *See Kona Enter., Inc., v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (noting that a district court's award of attorneys' fees under state law is reviewed for abuse of discretion). The district court carefully considered the work done by ExxonMobil's attorneys in obtaining summary judgment on Gasprom's counterclaims and ExxonMobil's success on its claims for breach of contract and injunctive relief.

**AFFIRMED.**